# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| PETE WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 1981 RWS |
| | ) | |
| MISSOURI DEPARTMENT OF MENTAL HEALTH, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Pete Wright, a civil detainee at the Sexual Offender Rehabilitation and Treatment Services Center ("SORTS"), seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, I will grant plaintiff's motion to proceed in forma pauperis. See 28 U.S.C. § 1915. After reviewing the complaint under 28 U.S.C. § 1915(e), I will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e), I am required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." Id. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Id. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. Id. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Wright, a civil detainee at SORTS, brings this action under Title II of the Americans with Disabilities Act ("ADA") alleging that the Missouri Department of Mental Health violated his rights by failing to accommodate his disability and engage in the interactive process. Wright sues the Department of Mental Health in its "individual and official capacities."

Wright states that he is a pretrial detainee awaiting trial for civil commitment pursuant to the Missouri Sexually Violent Predator Act, §§ 632.480 et seq. R.S. Mo. He claims that he has suffered from pernicious anemia since 1996 and that in 2003 he was diagnosed with chronic myelogenous leukemia for which he takes oral chemotherapy. (ECF No. 1 at ¶¶ 8-9). Wright states that the oral chemotherapy he takes for his leukemia lowers his white blood cell count, raises his risk for infection, and causes back pain and sensitivity to cold. (Id. at ¶¶ 10-12). Wright claims that from 2003 to 2018 he has had orders from physicians stating that he cannot be exposed to "cold conditions." (Id. at ¶ 13). Wright states that the "combined effects of [the leukemia] and chemotherapy side effects substantially limits [his] major life activity of keeping warm." (Id. at ¶ 14).

Wright asserts that between August 21, 2018 and November 20, 2018 he has been placed in a room with temperature ranges from 67.8 degrees to 73.2 degrees. (Id. at ¶ 15). He states that at times the temperatures have fallen below 60.1 degrees. (Id.) Wright claims that he requested a

reasonable accommodation of extra blankets. (Id. at ¶ 16). When the extra blankets did not assist in raising the temperature, Wright states that he requested a room where he could control the temperature by activating a heater inside the room. (Id). At the same time, Wright asserts that his building did not have hot water for showers, and he requested that he be moved to a place that had hot water. (Id. at ¶ 21-22).

Wright claims he first made the request through a document called a "team request," and when he received no answer to this document, Wright states that he requested a face to face meeting with the ADA coordinator to request a jacket and gloves and a single room accommodation, as well as hot water for showers.[1] (Id. at ¶¶ 19-20). Wright states that on November 16, 2018, he met with Bill Anderson, an "Administrator," who told him that he "knew nothing about the 'ADA' or an 'ADA coordinator.' " (Id. at ¶ 23). Wright claims Mr. Anderson refused his requests for access to a new home that had hot showers, a single room where he could control the heat, and winter clothing. (Id.)

For relief, Wright seeks an injunction ordering MDOC staff to abide by the ADA and $80,000 in damages.

**Discussion**

Title II of the ADA provides that "no qualified individual with a disability[2] shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to state prisons. Randolph v. Rodgers,

---

[1] Plaintiff claims his "personal winter clothing was confiscated without cause." (ECF No. 1 at ¶ 19).
[2] The ADA defines "disability" as: "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment." 42 U.S.C. § 12102.

3

170 F.3d 850, 857 (8th Cir. 1999) (citing Pa. Dep't of Corr. v. Yeskey, 524 U.S. 206, 209–11 (1998)). Supreme Court precedent demonstrates "that the ADA and the Rehabilitation Act prohibit, as a type of disability discrimination, the failure to provide reasonable accommodations to a disabled person." AP ex rel. Peterson v. Anoka-Hennepin Indep. Sch. Dist. No. 11, 538 F.Supp. 2d 1125, 1141 (D. Minn. 2008) (citing Alexander v. Choate, 469 U.S. 287, 295 (1985) and Olmstead v. L.C., 527 U.S. 581, 601 (1999)).

Defendants acting in their official capacity are subject to suit for damages under Title II of the ADA, because "Title II validly abrogates state sovereign immunity." United States v. Georgia, 546 U.S. 151, 159 (2006); see also Randolph v. Rogers, 253 F.3d 342, 348 (8th Cir. 2001) (hereinafter Randolph II) (noting that Supreme Court precedent "permits an injunction against a state official in his official capacity to stop an ongoing violation of federal law.") (citing Ex parte Young, 209 U.S. 123, 159–60 (1908)). This abrogation of sovereign immunity includes "private caus[es] of action for damages against the States for conduct that *actually* violates the Fourteenth Amendment." United States v. Georgia, 546 U.S. 151, 159 (2006) (emphasis in original). However, "the public-entity limitation [of Title II of the ADA] precludes ADA claims against state officials in their individual capacities." Randolph II, 253 F.3d at 348 (citing Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999)).

Wright states a valid claim that he has a disability and that the Missouri Department of Mental Health has failed to make a reasonable accommodation for his disability. Wright alleges that he has anemia and myelogenous leukemia that lowers his white blood cell count, raises his risk for infection, and causes back pain and sensitivity to cold. He states that these symptoms and the side effects of chemotherapy "substantially limit[] his major life activity of keeping warm." (ECF No. 1 at ¶ 14). Wright also alleges that he requested accommodations that would have

4

reduced his exposure to cold temperatures, including a jacket, gloves, hot water, and an in-room heater, but that the ADA Coordinator denied his requests.

Wright makes this claim against the Missouri Department of Mental Health in its "individual and official capacities." Title II creates liability for "public entities" but not for individuals. Alsbrook v. City of Maumelle, 184 F.3d 999, 1005 n.8 (8th Cir. 1999). As a result, I will partially dismiss Wright's claim, to the extent that it asserts a claim against the Missouri Department of Mental Health, or any employee thereof, in their individual capacities.

The Court will issue process on Wright's claims against defendant in its official capacity.

Accordingly,

**IT IS HEREBY ORDERED** that Wright's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with the Missouri Attorney General's Office, as to the Missouri Department of Mental Health.

**IT IS FURTHER ORDERED** that Wright's claim under the ADA against the Missouri Department of Mental Health in its individual capacity is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 13th day of May, 2019.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE