UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| Pete Wright, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:18-cv-01981-RWS |
| | ) | |
| Missouri Department of Mental Health, | ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This case is before me on Plaintiff's Motion for Return of Legal Materials, ECF No. [54], and Defendant's Motion to Amend the Case Management Order. For the following reasons, I will deny Plaintiff's Motion and Grant Defendant's Motion to Amend the Case Management Order, ECF No. [57].

Access to Legal Materials

Plaintiff alleges that Defendant Missouri Department of Mental Health has been confiscating his legal materials without a warrant. Wright premises his claims on Fourth Amendment jurisprudence. Specifically, he argues that Defendant's seized his legal materials in violation of the Fourth Amendment as addressed in Griffin v. Wisconsin, 483 U.S. 868, (1987). He states that because civil commitment is not an exception where "special needs, beyond the normal need for law enforcement, make the warrant and probable-cause requirement

impracticable." Id. at 873 (quoting New Jersey v. T.L.O., 469 U.S. 325, 351, 105 S.Ct. 733, 748, 83 L.Ed.2d 720 (1985) (BLACKMUN, J., concurring in judgment). But Plaintiff's reliance on Griffin is misplaced. In Griffin, the Court held that searching the home of an individual on probation pursuant to Wisconsin regulations requiring only reasonable grounds, rather than probable cause, satisfied the Fourth Amendment. It did not address the rights of individuals in state custody and did not address the unique issue presented here. Plaintiff's material was confiscated because it exceeded the amount of paper allowed in his room under the facilities rules, which are reasonably calculated to ensure the safety of staff and residents. Additionally, his materials can be accessed upon request. ECF No. [56] at ¶ 4. To the extent the facility is prohibiting all access to the material, there may be a constitutional violation. But mere removal of the materials to property storage is not sufficient to establish a constitutional violation.

Additionally, to the extent that Plaintiff is alleging he has been denied meaningful access to the courts, he has failed to allege that he "suffered an actual injury to pending or contemplated legal claims." Myers v. Hundley, 101 F.3d 542, 544 (8th Cir. 1996). See also Welsh v. Correct Care Recovery Solutions, 2021 WL 487152 (5th Cir. Feb 9, 2021) (applying Lewis v. Casey, 518 U.S. 343 (1996) to civil detainees). Although Plaintiff states that he intends to issue interrogatories based on the material removed from his room, the deadline for discovery in this

case, closed on December 31, 2020, twenty-days before Plaintiff submitted his motion. Additionally, per the Defendant's Motion to Amend the Case Management Order, they received additional interrogatories from the Plaintiff after his legal materials were confiscated. ECF No. [57] at ¶ 3. Accordingly, I will deny Plaintiff's motion.

Motion to Amend the Case Management Order

Defendant filed a motion to amend the Case Management Order. Defendant requests that the briefing schedule for Summary Judgment Motions be extended by approximately a month. Defendant cites additional interrogatories propounded by Plaintiff and other legal and pandemic related disruptions.  Because the extension request is not unreasonable and Defendant did not receive the interrogatories until a month after the discovery deadline, I will grant the motion.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Return of Legal Materials, ECF No. [54],  is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Amend the Case Management Order, ECF No. [57], is **GRANTED.**  The case management order entered in this case is amended only as follows:

(a)     Any Daubert motions, motions to dismiss, motions for summary judgment, or motions for judgment on the pleadings must be filed no later than

**March 31, 2021**.  Opposition briefs shall be filed no later than **April 30, 2021** and any reply brief may be filed no later than **May 14, 2021**.

  **IT IS FURTHER ORDERED** that Defendant shall respond to the interrogatories they received on February 1, 2021, no later than **March 8, 2021**.

                _____
                RODNEY W. SIPPEL
                UNITED STATES DISTRICT JUDGE

Dated this 23rd day of February 2021.